# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:11cv0847 — DLB |
| | ) | |
| | ) | ORDER GRANTING MOTION TO FILE |
| | ) | AMENDED COMPLAINT |
| Plaintiff, | ) | |
| | ) | (Document 17) |
| v. | ) | |
| | ) | |
| CHRIS CAPRIOTTI, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff United States of America ("Plaintiff") filed this Motion for Leave to File a First Amended Complaint on September 9, 2011. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g).

## **BACKGROUND**

    Plaintiff filed the instant complaint to reduce federal tax assessments to judgment and foreclose federal tax liens on real property on May 23, 2011. The tax assessments at issue are against Defendants Chris A. Capriotti and Carrie L. Capriotti, who are named individually and as Trustees of The Chris and Carrie Capriotti Family Trust. The complaint also names Oakview Trust by Global Business Services as Trustee and the California Franchise Tax Board as Defendants.

    On July 20, 2011, Defendant California Franchise Tax Board filed its answer.

Defendants Chris and Carrie Capriotti, appearing pro se, filed an answer on August 30, 2011.

On September 7, 2011, Plaintiff requested entry of default as to The Chris and Carrie Capriotti Family Trust. The Clerk entered default on September 12, 2011.

Defendant Oakview Trust filed its answer on September 14, 2011.

By filing an amended complaint, Plaintiff seeks to clarify the identity of the current trustee for Oakview Trust.

No oppositions have been filed.

## DISCUSSION

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff seeks to clarify that the name of the current trustee of Oakview Trust is Global Administrative Services, LLC. Investigation subsequent to filing the complaint revealed that Global Administrative Services, LLC, is the purported successor in interest to Global Business Services, LLC. Declaration of Aaron M. Bailey, ¶ 10.

Plaintiff's request, which is not opposed, is not made for improper reasons and will not cause prejudice to the parties. Accordingly, Plaintiff's motion is GRANTED. Plaintiff SHALL

file an amended complaint within ten (10) days of the date of service of this record.  As the amendment does not change any material facts or allegations, the parties do not need to file new answers.

IT IS SO ORDERED.

Dated:   **September 23, 2011**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE