# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHRIS CAPRIOTTI, et al.,<br><br>　　　　　Defendant. | ) Case No.: 1:11cv0847 DLB<br>)<br>) ORDER GRANTING UNITED STATES'<br>) MOTION FOR ENTRY OF PROTECTIVE<br>) ORDER<br>) (Doc. 65)<br>)<br>)<br>)<br>) |

　　　Plaintiff United States of America ("Plaintiff") filed the instant motion for protective order on June 27, 2012. The matter was heard on July 20, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Aaron Bailey and Richard Schwartz appeared telephonically on behalf of Plaintiff. John Phillips appeared telephonically on behalf of Defendants Oak View Trust by Global Administrative Services, LLC as Trustee and the Chris and Carrie Capriotti Family Trust by Global Administrative Services, LLC as Trustee.

## **BACKGROUND**

　　　On May 23, 2011, Plaintiff filed this action to reduce federal tax assessments to judgment and to foreclose federal tax liens on real property. Plaintiff names Chris A. Capriotti and Carrie L. Capriotti, individually and as Trustees of The Chris and Carrie Capriotti Family Trust, along

1

with Oakview Trust by its trustee Global Administrative Services, LLC and the California Franchise Tax Board.

According to the First Amended Complaint, Chris and Carrie Capriotti failed to properly report and pay assessed federal income taxes between 1998 and 2002.  Plaintiff now seeks to reduce these federal tax assessments to judgment.  Plaintiff also seeks to foreclose tax liens against the Capriottis' property known as 27484 Oak Flat Lane, Clovis, California.  By trust deed, the Capriottis transferred title of this property to "The Chris and Carrie Capriotti Family Trust" in October 1996.   Subsequently, in June 1999, The Chris and Carrie Capriotti Family Trust transferred title of the property to Oakview Trust.

Count One of the amended complaint seeks to reduce federal tax assessments for the years 1998-2002 ($1,001,397.30) to judgment against Chris Capriotti.  Count Two seeks to reduce federal tax assessments for the years 1998 and 1999 ($998,257.24) to judgment against Carrie Capriotti.  Count Three seeks to reduce federal tax assessments for 1997 ($342,981.56) to judgment against Chris and Carrie Capriotti.  Count Four seeks a determination that Oakview Trust and The Chris and Carrie Capriotti Family Trust are sham trusts used to conceal interest in the property.  Count Five seeks a determination that Oakview Trust and The Chris and Carrie Capriotti Family Trust are the alter egos, nominees or fraudulent transferees of Chris and Carrie Capriotti.  Count Six seeks foreclosure of the federal tax liens.

On December 9, 2011, the Court issued a Scheduling Conference Order, setting the discovery deadline for July 31, 2012, the dispositive motion deadline for August 28, 2012, and the trial for January 15, 2013.  On June 27, 2010, pursuant to Plaintiff's request, the Court extended the discovery deadline to September 30, 2012, and the dispositive motion deadline to October 29, 2012.

On May 25, 2012, Oakview Trust by Global Administrative Services, LLC as Trustee ("Oakview Trust") sent four separate notices that it intended to take depositions of current and

former federal officers Roslyn Brooks, Dennis Collins, Marilyn Collins and Dennis Stiffler pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.  Each of the notices included an "Attachment 1, Matters for Examination for Deposition of [the named individual] pursuant to FRCP 30(B)(6)."  Exhibit A to the Declaration of Richard A. Schwartz ("Schwartz Dec.").  Oakview Trust did not issue a notice of deposition to Plaintiff United States or the Internal Revenue Service pursuant to Fed. R. Civ. P. 30(b)(6), and did not issue a subpoena to the noticed individuals.  Schwartz Dec. ¶ 4.

   Believing the deposition notices were improper, Plaintiff's counsel (Aaron Bailey and Richard Schwartz) attempted to contact counsel for Oakview Trust on May 11, June 13, June 15 and June 19, 2012.  On June 4, 2012, Plaintiff's counsel sent a letter to Oakview Trust's counsel regarding the deposition notices.  Schwartz Dec. ¶¶ 8-10.  Plaintiff claims that defense counsel has been unresponsive.  Schwartz Dec. ¶ 11.  Accordingly, on June 27, 2012, Plaintiff filed the present motion for protective order to bar the depositions of the noticed individuals.

   On July 6, 2012, defense counsel filed a declaration in opposition to the motion for protective order.  Doc. 66.  Defense counsel declares that he received the June 4, 2012 letter and a telephone call from Mr. Schwartz regarding the deposition notices.  Defense counsel returned the call from Mr. Schwartz, but did not hear back.  Declaration of John W. Phillips ("Phillips Dec.") ¶ 2.

### **DISCUSSION**

   Federal Rule of Civil Procedure 26(c)(1) permits the Court to prohibit or to limit discovery in order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.  There is a heavy burden on the moving party to demonstrate good cause for a protective order and to show why discovery should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Here, Plaintiff seeks to prohibit the depositions at

issue because (1) they were not properly noticed and (2) the proposed subject matter of the depositions is irrelevant to this proceeding.  The Court agrees.

First, Oakview Trust improperly directed the 30(b)(6) deposition notices to individuals rather than the government plaintiff.  Oakview Trust states that it issued deposition notices "pursuant to the authority of FRCP 30(a)(1)(b)(6)")," which permits the deposition of any person, including a party or a governmental entity.  Phillips Dec. ¶ 3.  However, Oakview Trust has combined two subsections of Rule 30, i.e. (a)(1) and (b)(6) in an effort to depose individuals identified by Plaintiff United States in discovery responses.  Oakview Trust apparently overlooks that portion of Rule 30(b)(6) which allows the governmental agency or entity to designate those persons who will testify on its behalf.  Fed. R. Civ. P. 30(b)(6).

Second, Oakview Trust seeks to take discovery on matters that are irrelevant to its role as a party in this action because it lacks standing to contest the tax assessments against Chris and Carrie Capriotti, *see e.g., Graham v. United States*, 243 F.2d 919, 922 (9th Cir. 1957) ("only the taxpayer may question the assessment for taxes"); *Falik v. United States,* 343 F.2d 38, 41 (2d Cir. 1965), and because the actions taken by the IRS or its employees are irrelevant in this *de novo* proceeding.  *See, e.g., Oliver v. United States*, 921 F.2d 916, 920 (9th Cir. 1990) ("courts generally do not look behind an assessment to evaluate the procedure and evidence used in making the assessment"); *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974) ("The opinions, conclusions and reasoning of government officials are not subject to discovery.").

Although Oakview Trust disagrees with Plaintiff's position regarding standing to challenge the tax assessments, Oakview Trust fails to provide any case law suggesting that it has the ability to challenge tax assessments against Chris and Carrie Capriotti.  As noted, only the taxpayers, Chris and Carrie Capriotti, may challenge the tax assessments.  Further, as discussed at the hearing, the bases for the tax assessments at issue are contained in the written records and documents produced by the Plaintiff in discovery.  Accordingly, depositions of the individual

current and former federal officers would be redundant, making it unduly burdensome to produce these individuals if all of the relevant information is already of record in this case.

**ORDER**

For the reasons stated above, Plaintiff's motion for entry of protective order is GRANTED.

IT IS SO ORDERED.

Dated:   **July 20, 2012**                                    /s/ *Dennis L. Beck*
                                                                         UNITED STATES MAGISTRATE JUDGE