# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS CAPRIOTTI, et al.,<br><br>Defendants. | CASE NO. 1:11-cv-00847-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND DEFENDANTS' CROSS-MOTION FOR SANCTIONS AS UNTIMELY<br><br>(ECF Nos. 76, 83, 85, 93) |

**I.**

**INTRODUCTION**

By notice filed on December 4, 2012, Plaintiff seeks a protective order for a deposition conducted on December 5, 2012. (ECF No. 76.) Defendants Chris and Carrie Capriotti filed an opposition on January 7, 2012, and Defendants Oakview Trust and the Chris and Carrie Capriotti Family Trust filed a notice of joinder in the opposition on January 9, 2013. (ECF Nos. 83, 84.) Plaintiff filed a reply on January 15, 2013. (ECF No. 85.) On January 18, 2013, Defendants Chris and Carrie Capriotti filed a reply to Plaintiff's opposition to the cross-motion for sanctions. (ECF No. 93.) The Court held oral arguments on January 25, 2013. Counsel Richard Schwartz and Aaron Bailey appeared for Plaintiff. Counsel William McPike appeared for Defendants Chris and Carrie Capriotti, and Counsel John Phillips appeared for Defendants Oakview Trust and the Chris and Carrie Capriotti Family Trust. All parties have consented to the jurisdiction of the magistrate judge. Having considered the moving, opposing and reply papers, the declarations and exhibits attached thereto, arguments presented at the January 25, 2013 hearing, as well as the Court's file, the Court

issues the following order.

## II.

## BACKGROUND

On May 23, 2011, Plaintiff filed this action to reduce federal tax assessments to judgment and to foreclose federal tax liens on real property. Plaintiff brings this action against Chris A. Capriotti and Carrie L. Capriotti, individually and as Trustees of the Chris and Carrie Capriotti Family Trust, along with Oakview Trust by its trustee Global Administrative Services, LLC, and the California Franchise Tax Board.

On December 9, 2011, the Court issued a Scheduling Conference Order, setting the discovery deadline for July 31, 2012, the dispositive motion deadline for August 28, 2012, and the trial for January 15, 2013. (ECF No. 53.) On June 19, 2012, pursuant to Plaintiff's request, the Court extended the discovery deadline to September 30, 2012, and the dispositive motion deadline to October 29, 2012. (ECF No. 64.) On June 27, 2012, Plaintiff filed a motion for a protective order to bar the depositions of noticed individuals which was granted on July 20, 2012. (ECF Nos. 65, 66, 67.)

On October 23, 2012, an order issued granting in part Defendants' motion to extend the discovery deadline, and the discovery deadline was extended to November 29, 2012. (ECF Nos. 70, 73.) On November 26, 2012, an order issued setting a pretrial conference for April 12, 2013, and a jury trial for June 4, 2013. (ECF No. 75.) Plaintiff now seeks a protective order for the depositions noticed for December 5, 2012.

## III.

## MOTION FOR PROTECTIVE ORDER

About September 11, 2012, Plaintiff received a notice of deposition of the Internal Revenue Service to take place on September 20, 2011. (Emergency Mot. for Entry of Protective Order ¶ 4, ECF No. 76.) On September 25, 2012, Defendants filed a motion for an extension of time to conduct discovery, and on October 2, 2012, Plaintiff filed a response stating that it had no objection to a limited extension of the discovery deadline for the limited purpose of conducting the previously noticed Rule 30(b)(6) depositions. On October 23, 2012, an order issued granting in part

Defendants' motion to extend the discovery deadline and the discovery deadline was extended to November 29, 2012, solely for the purpose of completing the Rule 30(b)(6) deposition of the Internal Revenue Service.

On November 19, 2012, Defendants served a notice of deposition for December 5, 2012.[1] (ECF No. 76-4.) On December 4, 2012, Plaintiff filed the instant motion for a protective order and sent a letter to Defendants objecting to portions of the subject matter of the deposition. (ECF No. 76-5.) Plaintiff contends that topics 1, 3, and 4 of the noticed deposition are protected by the prior protective order based upon the law of the case doctrine.

The Court declines to address the arguments of the parties on the merits. The court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order controls the subsequent course of the litigation unless modified by the court. Fed. R. Civ. P. 16(e). Orders entered prior to the final pretrial conference may be modified on a showing of good cause. Fed. R. Civ. P. 16(b).

Pursuant to the scheduling order issued in this action, the deadline for the completion of all discovery was set for November 29, 2012. The deposition at issue here was conducted on December 5, 2012. In this instance, neither party moved to amend the discovery deadline, and while the parties are free to agree to conduct discovery outside of the scheduling deadlines established by this Court if neither objects, the Court will not intervene should a discovery dispute arise outside the established deadlines.[2]

During the hearing Defendants Chris and Carrie Capriotti requested that the court grant a

---

[1] A party may depose another party and compel the attendance by subpoena under Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 30(a)(1). Federal Rule of Civil Procedure 45(a)(3) requires the signature of an officer of the court. Plaintiff contends that the deposition notice was unsigned. Defendant asserts that the deposition notice was signed as it contains the electronic signature of attorney McPike as signified by "/s/" on the signature line. Local Rule 131 provides for the use of electronic signatures. An electronic signature may be submitted bearing a "/s/" and the persons name on the signature line. *See* Local Rule 131(c) and (f). The electronic signature used by attorney McPike was defective, however Plaintiff received the notice of the deposition and appeared for the deposition. For future reference, defense counsel is advised that an electronic signature should include the name of the individual on the signature line.

[2] The order granting the extension of the discovery deadline was issued on October 23, 2012, and Plaintiff contacted Defendant eight days prior to the discovery cut-off date, on November 21, 2012, because Defendant had not served a notice of deposition. The timing of Defendants' notice of the deposition resulted in the deposition notice being received by Plaintiff on November 28, 2012, the day prior to the discovery cut-off date.

3

motion to amend the scheduling order *nunc pro tunc* to allow the noticed deposition during the discovery window. The Court will consider such a motion should it be filed,[3] however, modification of a scheduling order requires a showing of good cause, and good cause requires a showing of due diligence. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). To allow the parties to agree to modify the scheduling order without seeking consent by the court would render scheduling orders essentially meaningless, and directly interfere with the court's attempt to manage the docket and with the standard course of litigation in actions such as this. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered which can be cavalierly disregarded by counsel without peril." (internal quotations and citation omitted)). Accordingly, Plaintiff's motion for a protective order is denied as untimely. See Hardin v. Wal-Mart Stores, Inc., No. 1:08-cv-0617-AWI-BAM, 2012 WL 2921226, at *3 (E.D.Cal. July 17, 2012) (denying untimely motion to compel); Irise v. Axure Software Solutions, Inc., No. 2:08-cv-03601 SJO (JWJx), 2009 WL 3615973, at *2 (C.D.Cal. July 30, 2009) ("district courts may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made"); Villa v. Brass Eagle, LLC, No. 2:06-cv-00870-PHX-FJM, 2007 WL 446349, at *1 (D.Ariz. Feb. 7, 2007) (denying motion to file amended complaint filed after deadline had passed).

### IV.

### DEFENDANTS' MOTION FOR SANCTIONS

In their opposition to Plaintiff's motion for a protective order, Defendants cross motion for sanctions based upon Plaintiff's failure to produce witnesses at the deposition on December 5, 2012. Generally, a party may not bring a motion for sanctions in the opposition to a motion, however in this instance, the Court shall address Defendants' motion. For the reasons stated above, the Court finds that the deposition was conducted outside the discovery deadline and was untimely. In the

---

[3]Should Defendants bring an expedited motion to extend the discovery cut-off date nunc pro tunc, the parties will need to stipulate to a motion schedule. If the parties are unable to reach a stipulation as to the motion schedule, Defendants will need to file a noticed motion in compliance with the Local Rules and set the matter before the motion for summary judgments are scheduled for hearing on March 6, 2013 at 9:30 a.m.

1  scheduling order issued December 9, 2011, the parties were ordered to complete all discovery on or
2  before the discovery cut-off date. (Scheduling Order 2:12, ECF No. 53.) Further, in the order issued
3  October 23, 2012, Defendants were informed that if additional discovery was necessary they must
4  submit a request for an extension of time prior to the expiration of the discovery deadline and
5  demonstrate good cause for any requested extension. (Order Regarding Motion for Extension of
6  Discovery Deadline 4:1-4, ECF No. 73.) Since the depositions were conducted after the discovery
7  cut-off date, Defendants' cross-motion for sanctions is denied.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a protective order, filed December 4, 2012, is DENIED; and

2. Defendants' cross-motion for sanctions, filed January 7, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **January 25, 2013**              /s/ **Stanley A. Boone**
                                       UNITED STATES MAGISTRATE JUDGE