UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRIS CAPRIOTTI, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00847-SAB<br><br>**DECREE OF FORECLOSURE AND ORDER OF SALE**<br><br>(ECF Nos. 115, 116, 118, 119) |

## I.

## BACKGROUND

On April 12, 2013, an order issued granting Plaintiff's motion for summary judgment, foreclosing on the tax liens against Chris and Carrie Capriotti, and ordering Plaintiff to file a proposed order to effectuate the foreclosure and sale of real property. (ECF No. 113.) On April 16, 2013, Plaintiff filed a proposed order re sale; and the Capriottis filed an objection to the order on April 18, 2013. (ECF No. 116.) On April 24, 2013, the State of California filed an objection to the order. (ECF No. 118.) Plaintiff filed a reply and amended order on April 26, 2013.[1] (ECF No. 119.)

Defendants object to the proposed order on the grounds that it seeks relief and injunctions that have not been adjudicated. Specifically, Defendants object to the eviction of all occupants from the property, allowing the United States Marshal to enter the property to remove any occupants or

---

[1] The order of sale was amended at paragraph 8 and following.

- 1 -

prevent them from returning, deem abandoned any personal property not removed from the property and allow its disposal by the Marshal,[2] requiring property preservation by Defendants, and restraints on free speech in the form of potential recorded instruments. Defendants argue that these requests for relief were not litigated or awarded by the motion for summary judgment and the Court does not have the right to award relief for claims not made. Further, Defendants contend that any execution of judgment must follow state law and Plaintiff is required to file an ejectment action in order to gain possession of the property. Defendants claim that since Plaintiff does not have title to the property it cannot seek ejectment and having failed to raise such a claim, it has been waived.

## II.

## LEGAL STANDARD

The failure of any person to pay outstanding tax liabilities creates a lien in the amount owed "in favor of the United States upon all property and rights to property, whether real or personal belonging to such person." 26 U.S.C. § 6321. It has long been established that, although the definition of the underlying property interests is defined by state law, the consequences that attach to the property interests is a matter of federal law. United States v. Rodgers, 461 U.S. 677, 683 (1983). "There is no doubt that the district court has the jurisdiction in a civil action to render any judgment necessary to enforce the internal revenue laws." Miller & Miller Auctioneers, Inc. v. G. W. Murphy Industries, Inc., 472 F.2d 893, 895 (10th Cir. 1973).

The United States Codes describes the authority of the federal court in enforcing federal tax liens and to subject properties to the payment of taxes. The Internal Revenue Code provides in part:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c). Additionally, the Internal Revenue Code provides:

---

[2] While the Capriottis object to paragraph 7 of the proposed order which provides that the Government can dispose of any abandoned property, they fail to set forth any reason for the objection to this order in their moving papers. The Court finds that paragraph 7 is appropriate and necessary to effect the sale of the property at issue here.

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a).

## III.

## DISCUSSION

The United States brought this action to reduce to judgment federal tax liens against the Capriottis, set aside the fraudulent transfer of the Capriottis' residence, and foreclose the tax liens against real property, the residence at issue here. The claims have been litigated by the parties and an ordered issued granting summary judgment in favor of the United States and the order of sale is appropriately before this Court to enforce the judgment.

### 1. Order of Ejectment

The Capriottis object to paragraphs 3 and 6 of the proposed order which seek eviction of residents of the property, access of government officials to enter the property to change locks, and to use necessary force to evict any resident and prevent them from returning. The Capriottis argue that Federal Rule of Civil Procedure 69 requires that execution of judgments must follow state law unless a federal statute applies. Since the Internal Revenue Code does not provide any detailed procedures for executing a foreclosure judgment, Plaintiff's contend that state law foreclosure proceedings would apply and it would be for the successful bidder to pursue an action to remove the Capriottis from the property.

Plaintiff replies that pursuant to the summary judgment order, the United States is entitled to a judicial order to sell the subject property under the judgment foreclosing the tax liens. Federal courts may direct the enforcement of judgments by judicial sale, and an order of judicial sale is an appropriate post judgment remedy. Further, Plaintiff contends that the court has broad discretion in setting the terms and conditions of a sale under 28 U.S.C. § 2001. Plaintiff states that the terms contained in the order are necessary to permit a judicial sale of the Oak Flat Property on terms that

would allow the United States to secure the property and evict the tenants.

The Capriottis rely on Office Depot Inc. v. Zuccarini, 596 F.3d 696 (9th Cir. 2010), for their contention that California law would govern any orders beyond the order directing the sale of the property. In Office Depot Inc., judgment was entered under the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d), due to the registration of a domain name. Office Depot Inc., 596 F.3d at 698. The district court appointed a receiver and the defendant appealed the appointment of a receiver to sell the domain names and use the proceeds to satisfy the judgment. Id. at 699. The Office Depot Inc. court looked to Federal Rule of Civil Procedure 66 which governs the appointment of receivers in federal courts. The Court found that Rule 66 did not govern the proper location for appointment of the receiver, and looked to state law on this issue. Id. at 701.

Here, the Internal Revenue Code specifically allows for the district court to issue "such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." 26 U.S.C. § 7402(a). Since federal law authorizes all orders as necessary or appropriate for the enforcement of the internal revenue laws, state law, and therefore California law, does not govern the issues here.

A federal district court may decree the sale of the debtor's real property to enforce a federal tax lien. 26 U.S.C. §§ 7403(c), 7402(a); 28 U.S.C. §§ 2001(a), 2002; Rodgers, 461 U.S. at 680. A federal district court also has the authority to enter an order of ejectment. See United States v. Uptergrove, 2009 WL 3663948, at *5-6 (E.D.Cal. Nov. 2, 2009) (ordering residents to vacate property and authorizing United States Marshal to enforce order); United States v. Verni, 2:03-cv-01898-LKK P, 2005 WL 4069748, at 1-2 (E.D.Cal. Nov. 28, 2005) (finding similar terms and conditions necessary and appropriate for order of sale); United States v. Bell, No. 1:95-cv-05346-OWW-SMS, 2002 WL 507579, at *4 (E.D.Cal. Feb. 19, 2002) (ordering United States Marshal to take actions reasonably necessary to eject any person occupying property). The federal court has jurisdiction to issue orders to enforce its own decrees by injunctions or a writ of assistance in order

to avoid relitigation of previously decided issues between the same parties. *See* Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1972); Fed.R.Civ.P. 70(a) (If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense-- by another person appointed by the court. When done, the act has the same effect as if done by the party.") The federal courts power to issue an order enforcing judgment "follows from the principle that a court's power to afford a remedy must be coextensive with its jurisdiction over the subject matter. Hamilton, 453 F.2d at 157. Additionally, the All Writs Act authorizes federal courts to issue writs of assistance to enforce final judgments. 28 U.S.C. § 1651; Bell, 2002 WL 507579, at *4 .

Here, Paragraph 3 of the proposed order states:

> That the United States Marshal for the Eastern District of California, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), are authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

Paragraph 6 of the proposed order states:

> All persons occupying the Property shall leave and vacate the Property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS. Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Chris and Carrie Capriotti and any occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect

1  may be ejected by the United States Marshal without further order of the Court.

2  A federal district court has the authority to enforce its own decrees by writs of assistance in order to avoid relitigation of issues already decided and this would include the authority to enter an order of ejectment. United States v. Bell, No. 1:95-cv-05346-OWW-SMS, 2002 WL 507579, at *4 (E.D.Cal. Feb. 19, 2002). In this instance, an order has issued foreclosing on the tax liens against the property and the United States is entitled to a sale of the property. The presence of the Capriottis on the property will adversely effect the ability of the United States to effect a sale of the property and the transfer to a potential buyer.

Accordingly, the Court finds that paragraphs 3 and 6 of the proposed order would be appropriate and necessary to enforce the Internal Revenue law and is appropriately included in the order for judicial sale.

### 2. Preservation of Property and Interference With Sale

Defendants argue that Paragraph 5 of the order seeks to impose various injunctions upon the Capriottis that have not been adjudicated in this action. Paragraph 5 of the proposed order states:

> Until the Property is sold, Chris and Carrie Capriotti shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

Paragraph 5 of the proposed order is necessary to prevent the Capriottis from interfering with the sale of or harming the value of the property. Since the Government is entitled to the proceeds from the sale of the property they have an interest in maintaining the value of the property and reasonably request an order directing the Capriottis to refrain from any action that would decrease the value or marketability of the subject property. Accordingly, the Court finds that this is an

appropriate and necessary order.[3]

### 3. Priority of Liens

In the order granting Plaintiff's motion for summary judgment, the Court recognized that an issue existed as to the priority of the liens in this action. Plaintiff was ordered to file a motion or stipulation as to the priority of the liens. Plaintiff filed the proposed order without addressing the priority of the liens. The State of California objects to the proposed distribution of the proceeds of the sale. The distribution of any funds collected through the judicial sale shall be reserved until the parties address the issue of the priority of the liens against the property. Accordingly, Plaintiff and the State of California will need to either stipulate to the priority of the liens or Plaintiff shall file a noticed motion prior to the distribution of the proceeds in this action.

## IV.

## ORDER

Pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court enters this Order of Foreclosure and Decree of Sale.

IT IS HEREBY ORDERED THAT:

1. The United States' federal tax liens against Chris and Carrie Capriotti arising out of the Internal Revenue Service assessment of federal income tax liabilities against them for the tax years

---

[3] The Capriottis argue that the order prohibiting them from engaging in speech that would, directly or indirectly, adversely affect the value of the property or that may tend to deter or discourage bidders from participating in the auction is content based speech and this is an illegal prior restraint in violation of the First Amendment. The Capriottis have not cited, nor does the Court find, a single case holding that the order to prohibit a defendant from adversely affecting the value of property or deterring or discouraging potential bidders violates the First Amendment.

Prior restraints for First Amendment purposes generally involve administrative and judicial orders, such as temporary restraining orders and permanent injunctions, that actually forbid speech activities. Alexander v. U.S., 509 U.S. 544, 550 (1993). Reasonable restrictions may be imposed "on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.' " Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989) (citations omitted). Contrary to the Capriottis contention that the order here prohibits the content of the speech, the order prohibits any speech, regardless of content, that would adversely affect the value of the property or discourage potential bidders. To the extent that prior restraint doctrine would apply here, the order does not regulate the content of speech and is narrowly tailored to the government's interest in selling the property to further the order of this court. Finally, the Capriottis do not cite any authority to support the position that the order at issue here is an prior restraint in violation of the First Amendment.

1  1997 through 2002 are foreclosed.

2  2. The United States Marshal for the Eastern District of California, his representative, or an
3  Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and
4  directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the following real
5  property ("the Property") located 27484 Oak Flat Lane, Clovis, California, and more particularly
6  described as follows:

> Parcel 7 of Parcel Map No. 5216, in the County of Fresno, State of California, according to the Map thereof recorded in Book 38, Page 70 of Parcel Maps, in the Office of the County Recorder of said County, being a portion of the Northwest quarter of Section 35, Township 11 South, Range 23 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

3. That the United States Marshal for the Eastern District of California, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), are authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

4. The terms and conditions of the sale shall be:

> a. the sale of the Property shall be free and clear of the interests of Chris Capriotti, Carrie Capriotti, The Chris and Carrie Capriotti Family Trust, Oakview Trust, and the State of California;
>
> b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    d. the date and time for sale are to be announced by the United States Marshal, his/her representative, or a PALS representative;

    e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Fresno County, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

    f. the minimum bid will be set by the Internal Revenue Service for the Property.  If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

    g. the successful bidder for the Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of California.  Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

    h. the balance of the purchase price for the Property is to be paid to the United States Marshal or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Chris

and Carrie Capriotti at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder.  The United States may bid as a credit against its judgment without tender of cash;

      I. the sale of the Property shall be subject to confirmation by this Court.  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty days from the date of receipt of the balance of the purchase price;

      j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

      k. on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

      l. on confirmation of the sale, the recorder of deeds, Fresno County, California, shall cause transfer of the Property to be reflected upon that county's register of title; and

      m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

    5. Until the Property is sold, Chris and Carrie Capriotti shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy.  They shall neither commit waste against the Property nor cause or permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

    6. All persons occupying the Property shall leave and vacate the Property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving

all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS. Specifically, the United States Marshal (or his designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Chris and Carrie Capriotti and any occupants.  To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary.  When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee.  No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees.  Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

7.  If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

//
//
//
//
//

8. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as determined by the Court upon a motion by the government for confirmation and distribution of proceeds.

IT IS SO ORDERED.

    Dated: **April 29, 2013**

UNITED STATES MAGISTRATE JUDGE